T.C. Summary Opinion 2004-52

UNITED STATES TAX COURT

MANUELLA CANTRELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4209-03S.                    Filed May 10, 2004.

Manuella Cantrell, pro se.

Elaine T. Fuller, for respondent.

PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in Federal income tax of $4,253 for the 2001 taxable year. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for Brandon Anthony Cantrell (Brandon) and James Edward Cantrell (James) for 2001; (2) whether petitioner is entitled to child tax credits for Brandon and James for 2001; (3) whether petitioner is entitled to the credit for child and dependent care expenses of $363 for 2001; (4) whether petitioner is entitled to a head-of-household filing status for 2001; (5) whether petitioner is entitled to a rate reduction credit of $500 for 2001; and (6) whether petitioner is entitled to an earned income credit of $1,305 for 2001.

## Background

While no stipulation of facts was filed in this case, the record consists of exhibits admitted at trial and the testimony of petitioner. At the time the petition was filed herein, petitioner resided in Pasadena, California.

Petitioner was previously married to John Claude Cantrell, Jr. (Mr. Cantrell). They have three children: (1) TeraLynn Ashley Cantrell (TeraLynn), born December 10, 1990; (2) Brandon, born October 18, 1993; and (3) James, born July 11, 1995. Petitioner and Mr. Cantrell were divorced February 11, 1999.

During the year in issue, petitioner had sole physical custody of TeraLynn, Brandon, and James. Mr. Cantrell was

required to pay child support of $676 per month for Brandon and James, commencing April 1, 1999.[1] Petitioner received assistance payments of $825 per month on her monthly rent of $985 in 2001 under the Section 8 housing program.[2] Petitioner also received a rent reduction of $100 per month from her landlord because, as petitioner testified: "I helped them around the property."

Petitioner filed a Form 1040A, U.S. Individual Income Tax Return, for the 2001 taxable year. Petitioner filed as a "head of household" and claimed dependency exemption deductions for Brandon and James,[3] a rate reduction credit of $500, an earned income credit of $1,305, child tax credits for Brandon and James, and a credit for child and dependent care expenses of $363.

Mr. Cantrell filed a separate return for the 2001 taxable year in which he claimed dependency exemption deductions for petitioner and the two children, the earned income credit, and

---

[1] Petitioner testified that she received $370 every 2 weeks or $740 per month during 2001. The $64 per month discrepancy between what Mr. Cantrell was required to pay and what petitioner testified to receiving is immaterial to the outcome of this case.

[2] The Section 8 housing program under the United States Housing Act of 1937 authorizes a private landlord who rents to a low-income tenant to receive assistance payments from the Department of Housing and Urban Development (HUD) in an amount calculated to make up the difference between the tenant's rental payments and a contract rent agreed upon by the landlord and HUD. See Cisneros v. Alpine Ridge Group, 508 U.S. 10, 12 (1993).

[3] Petitioner did not claim a dependency exemption deduction with respect to TeraLynn for the 2001 taxable year.

child tax credits.  For convenience we combine our remaining findings of fact and conclusions.

## Discussion

Section 7491(a) provides that in a court proceeding, the burden of proof with respect to any factual issue shifts to respondent under certain prescribed conditions.  We conclude that the burden of proof remains with petitioner, since she has not met the criteria of section 7491(a)(2)(A) and (B).

## 1.  Dependency Exemption Deductions

A taxpayer may be entitled to a deduction of the exemption amount for each dependent.  Sec. 151(a), (c).  The term "dependent" includes a son of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer".  Sec. 152(a).

Upon an examination of the record, we conclude that Brandon and James did not receive over half of their support from petitioner.[4]  We find that, based upon petitioner's testimony, the total amount expended in 2001 to support Brandon and James was $18,410.  However, over half of this amount is attributable to child support from Mr. Cantrell and a pro rata share of the Section 8 housing subsidy for Brandon and James.  Thus, even accepting petitioner's assertions as fact, we cannot conclude

---

[4] The record does not indicate that petitioner and Mr. Cantrell provided over half the children's support, and thus sec. 152(e)(1) does not apply.

that petitioner is entitled to dependency exemption deductions for Brandon and James for 2001. We sustain respondent on this issue.

2. Child Tax Credits

Section 24(a)(1) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the taxpayer". The term "qualifying child" means any individual if three tests are satisfied. Sec. 24(c)(1).

In the present case, the only relevant test is whether the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year. Sec. 24(c)(1)(A). We have concluded, however, that petitioner is not entitled to dependency exemption deductions for Brandon and James for 2001. Accordingly, they are not qualifying children, and petitioner is not entitled to the child tax credits for 2001. We sustain respondent's determination on this issue.

3. Credit for Child and Dependent Care Expenses

Section 21(a)(1) provides for a credit against tax in the case of "an individual who maintains a household which includes as a member one or more qualifying individuals". The term "qualifying individual" means, among other things, a dependent of the taxpayer who is under the age of 13 and with respect to whom the taxpayer is entitled to a deduction under section 151(c). Sec. 21(b)(1)(A).

In the present case, petitioner claimed the credit under section 21(a) with respect to Brandon and James.  We have concluded, however, that they were not petitioner's dependents within the meaning of section 151(c) for the 2001 taxable year.  Accordingly, Brandon and James are not qualifying individuals, and petitioner is not entitled to the credit for child and dependent care expenses for 2001.  We sustain respondent's determination on this issue.

## 4.  Head-of-Household Filing Status

Petitioner filed as a "head of household" for 2001.  In general, section 2(b)(1)(A)(i) provides that a taxpayer shall be considered a head of a household if, and only if, such taxpayer is not married at the close of his or her taxable year, is not a surviving spouse, and maintains as his or her home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of a son or daughter of the taxpayer.  If the son or daughter is not married at the close of the taxable year of the taxpayer, "the taxpayer may qualify as the head of a household by reason of such person even though the taxpayer may not claim a deduction for such person under section 151, for example, because the taxpayer does not furnish more than half of the support of such person."  Sec. 1.2-2(b)(3)(i), Income Tax Regs.  A taxpayer shall be considered as maintaining a household only if over half of the

cost of maintaining the household during the taxable year is furnished by such taxpayer. Sec. 2(b)(1). "The cost of maintaining a household shall be the expenses incurred for the mutual benefit of the occupants thereof by reason of its operation as the principal place of abode of such occupants for such taxable year." Sec. 1.2-2(d), Income Tax Regs. The expenses of maintaining a household include rent and food consumed on the premises, but does not include the cost of clothing, education, medical treatment, vacations, life insurance, transportation, or any amount which represents the value of services rendered in the household by the taxpayer. Id.

During the year in issue, petitioner was not married to Mr. Cantrell and was not a surviving spouse. Petitioner also maintained a household within the meaning of section 2(b)(1). During 2001, there were four sources of funds to maintain petitioner's household: (1) Petitioner's wages of $25,661 for the year; (2) Section 8 housing subsidy of $825 per month or $9,900 for the year; (3) child support from Mr. Cantrell of $370 every 2 weeks or $9,620 for the year; and (4) rent reduction of $100 per month or $1,200 for the year because of her watching the property on behalf of the landlord.

From a review of the entire record, we are satisfied that petitioner furnished over half of the cost of maintaining a household in 2001. Petitioner's wages alone exceeded all other

sources of funds used for expenses incurred for the mutual benefit of TeraLynn, Brandon, James, and herself during that taxable year. Accordingly, we conclude that petitioner is entitled to head-of-household filing status, and we hold for petitioner on this issue.

5. Rate Reduction Credit

The Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, 115 Stat. 38, created a new regular income tax bracket of 10 percent for taxable years beginning after December 31, 2000. See sec. 1(i). Congress decided to implement the 10-percent rate bracket for 2001 via a rate reduction credit for that taxable year. See secs. 1(i)(1)(D), 6428; H. Conf. Rept. 107-84, at 5-6 (2001). The maximum amount of the rate reduction credit depends upon a taxpayer's filing status for 2001. See sec. 1(i)(1)(B). Petitioner claimed a rate reduction credit of $500 for 2001 based upon her having claimed head-of-household filing status. Respondent disallowed the credit to the extent that respondent determined her filing status to be single. Having concluded that petitioner is entitled to the head-of-household filing status, we further conclude that petitioner is entitled to the rate reduction credit of $500 for 2001. Accordingly, we do not sustain respondent's determination on this issue.

6. <u>Earned Income Credit</u>

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as any individual who has a qualifying child for the taxable year. A qualifying child is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). For the residency test, a qualifying child is an individual who has the same principal place of abode as the taxpayer for more than one-half of the taxable year. Sec. 32(c)(3)(A)(ii).

Brandon and James satisfy all three tests with respect to petitioner, who had sole physical custody of them during 2001. Accordingly, Brandon and James are qualifying children with respect to petitioner for 2001, and she is an eligible individual under section 32(a). We thus conclude that petitioner is entitled to the earned income credit for 2001, and we hold for petitioner on this issue.[5]

---

[5] Respondent argues that Mr. Cantrell also claimed, in a separate return, the earned income credit with respect to Brandon and James during the 2001 taxable year. His claiming of the credit alone does not defeat petitioner's entitlement to it as an eligible individual. See sec. 32(c)(1)(C).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.